**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2016 MSPB 42**

Docket No. SF-0752-16-0156-I-1

**Richard Bruhn,**

**Appellant,**

**v.**

**Department of Agriculture,**

**Agency.**

November 22, 2016

Brook L. Beesley, Alameda, California, for the appellant.

Rachel Trafican, Esquire, Albuquerque, New Mexico, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. For the reasons discussed below, we DENY the petition for review and AFFIRM the initial decision.

BACKGROUND

¶2 The appellant held the position of Lead Forestry Technician (Fire Engine Operator) with the agency. Initial Appeal File (IAF), Tab 5 at 16. In August 2014, the agency proposed his removal for conduct unbecoming a Federal employee based on his admissions that approximately 20 marijuana plants were grown on his personal property and that he possessed a State of California

medical marijuana card. *Id.* at 29. In November 2014, following the appellant's response to the proposal notice, the agency issued a removal decision. *Id.* at 25-28. The agency offered the appellant a last-chance agreement (LCA), and provided him the 7 days to accept or reject. *Id.* at 24. The appellant signed the agreement 2 days later. *Id.* at 20-22.

¶3    Pursuant to the terms of the LCA, the appellant agreed to serve a 45-day suspension for the charged misconduct. *Id.* at 20. The agency agreed to hold the appellant's removal in abeyance for 2 years pending his "satisfactory completion" of the LCA. *Id.* at 21. During this period, the appellant was to refrain from engaging in any misconduct and to abide by all agency and Federal Government rules, regulations, and policies, and Federal and state laws. *Id.* at 20. The terms of the LCA also specified that the appellant agreed and understood that the agency could implement his removal immediately upon discovering that he had engaged in any misconduct during the 2-year period, and that he waived his right to appeal or contest any such removal. *Id.* The final paragraph of the LCA stated that the parties "freely and voluntarily agree[d]" to the LCA conditions, "had sufficient time to consider" its terms, and had discussed it "with their respective representatives, if any." *Id.* at 22. The appellant signed the LCA and wrote the following note on the signature line for his representative: "Not able to make contact within time frame." *Id.*

¶4    In May 2015, local law enforcement entered the appellant's home to investigate a possible burglary and discovered marijuana plants growing in his garage. *Id.* at 18. Local law enforcement reported this information to Federal law enforcement in October 2015. *Id.* at 16. Based on this information, the agency issued a decision letter implementing the appellant's November 2014 removal, effective November 10, 2015. *Id.* at 16. In the decision letter, the agency informed the appellant that he had waived his right to grieve or appeal the agency's removal decision under the terms of the LCA. *Id.*

¶5      The appellant filed a timely appeal with the Board and requested a hearing. IAF, Tab 1 at 2-3. The administrative judge issued an acknowledgment order informing the appellant of his burden of proving jurisdiction over his appeal, and ordering the appellant to file evidence and argument on the jurisdictional issue. IAF, Tab 2 at 2-3.

¶6      In response, the appellant argued that he signed the LCA involuntarily, under "time pressure duress" and "without any allowed input from [his] designated representative." IAF, Tab 4 at 3. He also argued, in essence, that his removal was prohibited double punishment because he had served a 45-day suspension for the same misconduct pursuant to the terms of the LCA. *Id.* at 4. According to the appellant, he did not breach the LCA because any marijuana found growing on the property that he jointly owned with his wife was for her use in mitigating the side effects of her cancer treatment, as permitted by California law. *Id.* at 4-11. The agency responded by filing a motion to dismiss, arguing that the Board lacks jurisdiction to review the appellant's removal because the LCA was valid and he breached it. IAF, Tab 5 at 8-13.

¶7      Without affording the appellant his requested hearing, the administrative judge issued an initial decision dismissing the appeal. IAF, Tab 1 at 2, Tab 9, Initial Decision (ID) at 1, 22. He found that the appellant voluntarily entered into the LCA 5 days before the deadline set by the agency, after choosing to waive his right to representation. ID at 17-19. In addition, the administrative judge determined that the appellant's removal was not prohibited double punishment for the same conduct at issue in his prior 45-day suspension. ID at 16-17. The administrative judge also found that the growth of marijuana on property that the appellant jointly owned with his wife breached the LCA. ID at 13-15, 17. Based on the appellant's breach of an enforceable LCA, the administrative judge found that the Board lacked jurisdiction over the appellant's removal because he had waived his appeal rights in the LCA. ID at 21-22; IAF, Tab 5 at 20.

¶8    The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1.[1]   The agency has responded to the petition for review and the appellant has replied.  PFR File, Tabs 3-4.

## ANALYSIS

### The administrative judge properly found that the appellant failed to meet his jurisdictional burden.

¶9    The appellant bears the burden of proving that his appeal is within the Board's jurisdiction.  *Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007); 5 C.F.R. § 1201.56(b)(2)(i)(A).  The Board lacks jurisdiction over an action taken pursuant to an LCA in which an appellant waives his right to appeal to the Board.  *Willis*, 105 M.S.P.R. 466, ¶ 17.  To establish that a waiver of appeal rights in an LCA should not be enforced, an appellant must show that: (1) he complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) he did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake.  *Id.*

¶10    If an appellant raises a nonfrivolous allegation that he complied with an LCA, he is entitled to a jurisdictional hearing to determine, whether, in fact, he complied with the LCA so that any waiver of appeal rights should not be enforced against him.  *Hamiter v. U.S. Postal Service*, 96 M.S.P.R. 511, ¶ 12 (2004).  Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue.  *Willis*, 105 M.S.P.R. 466, ¶ 18.  In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, an administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere

---

[1] On review, the appellant does not challenge the administrative judge's findings that he voluntarily entered into the LCA and waived his appeal rights.  We decline to disturb these findings on review.

factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

¶11     The appellant argues on review that he presented nonfrivolous allegations of compliance below, including specific evidence of compliance that the agency did not refute.[2]  PFR File, Tab 1 at 6-8.  Therefore, he asserts that he met his burden to nonfrivolously allege compliance.  *Id.*

¶12     In finding that the appellant failed to nonfrivolously allege compliance with the LCA, the administrative judge considered the appellant's declaration and supporting evidence submitted below.  ID at 13-15; IAF, Tab 4.  However, he concluded that there was no dispute that, as of May 2015, there were marijuana plants being grown on the appellant's joint property.  ID at 14.  We agree.

¶13     The appellant submitted a sworn declaration in which he stated that he "did not breach the LCA."  IAF, Tab 4 at 4.  However, he did not deny the presence of marijuana plants on his property.  Instead, he simply argued that the agency presented no evidence of its claims.  *Id.*  His conclusory statement that the agency did not prove his noncompliance with the LCA is insufficient to meet his burden. *See* 5 C.F.R. § 1201.4(s)(1) (explaining that a nonfrivolous allegation is more than conclusory).  Rather, he was required to make nonfrivolous allegations of his own compliance.  *See Meza v. U.S. Postal Service*, 75 M.S.P.R. 238, 241 (1997) (finding that an appellant's allegation that his positive drug test resulted from

---

[2] The appellant also asserts that the agency engaged in bad faith.  PFR File, Tab 1 at 8. However, the only evidence he cites in support of this assertion is his own statement that the agency failed to explain fully his misconduct in the November 2015 decision letter.  IAF, Tab 4 at 6.  We find that the decision letter was sufficiently specific in that it notified the appellant that his prior removal was being implemented because, in May 2015, local law enforcement discovered marijuana growing on his property.  IAF, Tab 5 at 16.

passive exposure to marijuana was sufficient to meet his burden to nonfrivolously allege that he complied with an LCA that he refrain from using illegal drugs). He did not do so. IAF, Tab 4.

¶14     The agency, in contrast, provided a report from the local police who discovered the marijuana on the appellant's property in May 2015. IAF, Tab 5 at 18-19. According to that report, the officers "located numerous small marijuana plants inside the garage" of the appellant's residence. *Id.* at 18. In the absence of any evidence to the contrary, we find that this report is sufficient to establish its stated facts. *See Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 87 (1981) (discussing the factors to be considered in weighing hearsay evidence, including whether the declarant was disinterested and the absence of contradictory evidence).

¶15     To the extent that the appellant argues that he complied with the LCA because the marijuana was for his wife's medical treatment as permitted by the California Compassionate Use Act of 1996, we disagree. PFR File, Tab 1 at 7; IAF, Tab 4 at 4-6. The appellant agreed in the LCA that any misconduct, including any violation of Federal law, would result in his removal. IAF, Tab 5 at 20. Marijuana is a Schedule I controlled substance under the Controlled Substances Act. *See* 21 U.S.C. §§ 802(16), 812, Schedule I(c)(10). It is illegal to manufacture or possess a Schedule I controlled substance, even for medical use. 21 U.S.C. §§ 812(b)(1)(B)-(C), 841(a)(1).

¶16     The fact that the appellant's activities were permitted by California law cannot insulate him from the consequences of those actions. The Controlled Substances Act preempts California's Compassionate Use Act. U.S. Const. art. VI, cl. 2 (the Supremacy Clause); *Gonzalez v. Raich*, 545 U.S. 1, 29 (2005). Further, the Federal Government continues to designate marijuana as a dangerous drug notwithstanding state laws purporting to legalize its use. IAF, Tab 4 at 13-15. Therefore, the appellant's conduct remains illegal under Federal law.

His violation of Federal law justifies the implementation of his prior removal under the terms of the LCA.  IAF, Tab 5 at 20.

<u>The agency did not impermissibly punish the appellant twice or violate his right to due process.</u>

¶17        The appellant also argues on review that, pursuant to the terms of the LCA, the agency rescinded his prior removal and imposed a new 45-day suspension. PFR File, Tab 1 at 8.  He suggests that his November 2015 removal was double punishment for the same conduct that served as the basis of his suspension.  *Id.*

¶18        The Board has held that when, as here, an LCA was not reached during the course of a Board appeal, its validity still may be considered to determine its effect on the personnel action before the Board.  *Bahrke v. U.S. Postal Service*, 98 M.S.P.R. 513, ¶ 11 (2005).  An LCA is a settlement agreement, which is a contract.  *Id.*  A party challenging the validity of a settlement agreement bears a heavy burden of showing a basis for invalidation.  *Id.*  Nevertheless, a party may challenge the validity of a settlement agreement if the party believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake.  *Id.*

¶19        It appears that, in arguing that the LCA permits his double punishment for the same misconduct, the appellant is asserting that the LCA is unlawful.  Outside the context of a settlement agreement, the Board has long held that an agency cannot impose a disciplinary or adverse action more than once for the same misconduct.  *Cooper v. Department of Veterans Affairs*, 117 M.S.P.R. 611, ¶ 5 (2012), *aff'd*, 515 F. App'x 897 (Fed. Cir. 2013).  However, LCAs, like settlement agreements generally, serve the important public policy of avoiding unnecessary litigation and encouraging fair and speedy resolution of issues. *Id.*, ¶¶ 7-8.  The incorporation of some discipline into an LCA makes it more likely that an agency will consider entering into the agreement because the employee will not escape all punishment for the charged offense.  *Id.*, ¶ 8. Therefore, the Board has declined to invalidate an LCA that imposed a suspension

for an appellant's misconduct, and also provided that future misconduct would lead to the reimposition of the removal that led to the LCA. *Id.*, ¶¶ 2, 5, 8-9.

¶20    Here, the agency did not rescind the appellant's prior removal, as he claims, but rather held it in abeyance for 2 years pending his satisfactory completion of the terms of the LCA. IAF, Tab 1 at 20-21. The appellant agreed to serve a 45-day suspension for his misconduct and that the agency could effectuate his removal for the same misconduct at any time during the 2-year period if he again violated Federal law. *Id.* Therefore, we agree with the administrative judge's finding that the appellant's removal for the same misconduct that served as the basis for a 45-day suspension was permissible. ID at 16-17.

¶21    As a corollary, the appellant asserts that his November 2015 removal was "a new personnel action" rather that the implementation of his prior removal. PFR File, Tab 1 at 8. Thus, he argues that the agency deprived him of "minimum due process to appeal notice and reply rights." *Id.*

¶22    In the November 2015 removal decision, the agency explained that, based on local law enforcement's discovery of marijuana on the appellant's personal property in May 2015, "the Agency is implementing your removal action as noted in the Letter of Decision dated November 14, 2014." IAF, Tab 5 at 16. Thus, although the basis for finding that the appellant breached the LCA was his subsequent misconduct, the agency did not issue a new personnel action.[3] *See Sullivan v. U.S. Postal Service*, 56 M.S.P.R. 196, 200 (finding that, although an agency referenced an appellant's subsequent misconduct in reimposing his earlier

---

[3] We modify the administrative judge's finding that there were distinct bases for the appellant's November 2014 and November 2015 removal decisions. ID at 16-17. Both removals were based on his prior admissions that marijuana was grown on his personal property and he possessed a California medical marijuana card. IAF, Tab 5 at 16, 20-21, 25, 29.

removal pursuant to the terms of a settlement agreement, only the merits of the earlier removal were before the Board), *aff'd per curiam*, 11 F.3d 1073 (Fed. Cir. 1993) (Table).  Because we find that the LCA is valid, and it contained a waiver of the appellant's right to appeal to the Board or otherwise contest his removal, we conclude that the agency did not violate his right to due process when it implemented his removal without providing a right to respond or notice of Board appeal rights.  IAF, Tab 5 at 20; *see Ferby v. U.S. Postal Service*, 26 M.S.P.R. 451, 455-56 (1985) (finding that the Board may enforce an LCA pursuant to which the appellants knowingly and intentionally waived their right to appeal the reinstatement of their suspended penalties).

The administrative judge properly rejected the appellant's late-filed submission.

¶23        Two days after the initial decision was issued, the administrative judge received a motion from the appellant to supplement the record, which the administrative judge rejected.  IAF, Tab 11.  The appellant appears to argue that his motion was timely and that he was not required to show good cause, even if it was untimely.  PFR File, Tab 1 at 2-4.  However, the administrative judge did not have the authority to grant the appellant's motion after issuance of the initial decision.  *See Rittgers v. Department of the Army*, 117 M.S.P.R. 182, ¶¶ 7, 13 (2011) (finding that an administrative judge was without authority to grant a motion for certification of an interlocutory appeal filed after she issued the initial decision); 5 C.F.R. § 1201.112(a) (providing a limited list of matters over which an administrative judge retains jurisdiction after issuing the initial decision).

¶24        The appellant also argues on review that some of the documents contained in this submission were obtained in discovery, and thus not available until March 14, 2016, after the record on jurisdiction closed on January 4, 2016.  PFR File, Tab 1 at 1, 3; IAF, Tab 2 at 3.  He resubmits this evidence on review.  PFR File, Tab 1 at 10-55.

¶25        The appellant stated in his timely December 28, 2015 jurisdictional response that he was "unable to provide additional jurisdictional information"

pending the agency's response to his discovery request. IAF, Tab 4 at 1. However, he did not supplement his jurisdictional response or file a motion for an extension during the intervening period, even though the initial decision was not issued until over 2 months later. Therefore, we find that the appellant failed to exercise due diligence, and we decline to consider the new evidence he submits on review. *See Fisher v. Department of Defense*, 59 M.S.P.R. 165, 170-71 (1993) (finding that an administrative judge did not abuse his discretion in denying a motion to extend the discovery period and to postpone the prehearing submission and hearing dates because the appellant failed to exercise due diligence by timely initiating discovery or requesting an extension of the time limit for doing so); 5 C.F.R. § 1201.115(d) (reflecting that the Board may grant a petition for review upon a showing that new and material evidence is available that, despite the petitioner's due diligence, was not available when the record closed).

¶26    Accordingly, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

## ORDER

¶27    This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.